IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES HART STERN                                              PETITIONER

VS.                                      CIVIL ACTION NO. 3:11cv539-DPJ-FKB

EMMITT SPARKMAN                                              RESPONDENT

## REPORT AND RECOMMENDATION

  This cause is before the Court on the petition for writ of habeas corpus filed by

James Hart Stern, a state prisoner.   Having considered the petition, response, and

Petitioner's reply to the response, the undersigned recommends that the petition be

dismissed with prejudice.

  Stern entered a plea of guilty to several counts of mail fraud in the Circuit Court of

Hinds County, Mississippi.  He was sentenced on June 11, 2007 to a combined term of

fifteen years, with an additional ten years suspended.   On June 13, 2008, Stern filed in

the state trial court an application for post-conviction relief (PCR), challenging his

conviction.  The application was denied by order dated October 14, 2009.  Stern failed to

file a timely appeal of the denial of post-conviction relief.  Thereafter, Stern filed in this

court a petition pursuant to 28 U.S.C. § 2254.   *James Hart Stern v. Mississippi,* No.

3:09cv335-HTW-LRA.  By order dated March 31, 2010, the petition was dismissed

because Stern had not yet exhausted his claims in state court.  The court observed in its

opinion that although Stern had failed to file a timely appeal, he could still seek leave to

file an out-of-time appeal and attempt to exhaust his claims.  Subsequently, Stern filed in

the Mississippi Supreme Court a motion for an out-of-time appeal of the denial of post-

conviction relief.  That motion was denied on June 9, 2011.

Stern then filed the present habeas petition, asserting the following grounds for relief, as stated by him:

I.     Conviction was obtained by violation of law, clerk alteration of records § 97-11-1 and § 97-11-17, and clerk refused to file motion for dismissal.

II.    Conviction was obtained by the use of an invalid indictment.  It violated the statute of limitations.  18 U.S.C. 3161(b)/1362(a)(1) also there was no date at the bottom or seal of the indictment.

III.   Conviction was obtained by discovery violations.

IV.    Conviction was obtained by use of perjury, § 97-9-59.

V.     Conviction was obtained by obstruction of justice.

VI.    Plea conviction obtained by both force and threat.

VII.   The State of Mississippi has not honored its part of the plea agreement with Petitioner.

Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court.  28 U.S.C.  § 2254(b)(1).  The exhaustion requirement is satisfied if the substance of the federal claim set forth in the habeas petition has been fairly presented to the state's highest court in a procedurally proper manner. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).  Petitioner presented grounds one through six to the state court in his PCR application; all seven grounds were included in his motion for an out-of-time appeal.  However, because he failed to file a timely appeal of his PCR application, and because his request for an out-of-time appeal was denied, he never met the exhaustion requirement for these claims.

Furthermore, it is clear from the denial of Stern's request for an out-of-time appeal

2

that there is no longer any avenue of relief available to him in state court on his claims. Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).   Thus, because Stern's claims would now be procedurally barred in state court, they have been procedurally defaulted for purposes of federal habeas review, and this court may not review their merits absent a showing of either cause for and prejudice from the default, or that failure to consider his claims would result in a fundamental miscarriage of justice.  *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Stern has made no showing that either of these exceptions is applicable. Therefore, the undersigned recommends that Stern's petition be dismissed with prejudice.[1]

---

[1]In Ground Seven, Stern alleges that the state has violated the terms of his plea agreement by failing to give him credit for time served and for allowing him to be exposed to environmental tobacco smoke.  It is possible that this claim had not yet accrued at the time of the filing of his initial PCR application.  If this ground presented a cognizable ground for relief, and if it had not yet accrued at the time of his first PCR application, Stern might still pursue Ground Seven in a subsequent PCR application.  If this were the case, this claim would not be *Sones* barred, and his petition in this court would be correctly classified as a mixed petition, *i.e.*, containing both exhausted and unexhausted claims, and therefore be subject to dismissal without prejudice.  However, on November 14, 2011, Petitioner filed a notification of change of address, indicating that he is no longer in prison and is on supervised release.  Thus, even if Ground Seven is not procedurally barred, no relief is available because it is now moot.  For this reason, dismissal of the entire petition with prejudice is appropriate.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 12th day of December, 2011.

/s/ F. Keith Ball

_____
UNITED STATES MAGISTRATE JUDGE

4