IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES HART STERN                                                                PETITIONER

v.                                                              CIVIL ACTION NO. 3:11cv539-DPJ-FKB

EMMITT SPARKMAN                                                                 RESPONDENT

ORDER

This petition for writ of habeas corpus is before the Court on the Report and Recommendation [12] of Magistrate Judge F. Keith Ball. Judge Ball recommended dismissal of Stern's petition as procedurally barred. Stern filed Objections [21], in which he abandoned all but his speedy trial claim and argued that the Court's failure to consider that procedurally defaulted claim would "result in a fundamental miscarriage of justice."[1] Objections [21] at 4. The Court, having fully reviewed the Report and Recommendation and Stern's Objections, finds that said Report and Recommendation should be adopted as the opinion of this Court.

Stern does not dispute that his speedy trial claim has been procedurally defaulted for failure to exhaust his remedies in state court. Instead, he submits that "under the totality of the circumstances of this peculiar case, it would be a 'fundamental miscarriage of justice' for this Court to dismiss [his] claims with prejudice . . . ." Objections [21] at 13. Because Stern defaulted his speedy trial claim in state court, "federal habeas review of the claim[ ] is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

---

[1] Stern also suggests that the Magistrate Judge improperly concluded that his petition is moot. Objections [21] at 4 & n.4. But Judge Ball only found Stern's seventh ground for relief—his claim of a breach of the terms of his plea agreement—moot. And, as noted above, Stern waived that claim and is proceeding on only his speedy trial claim—a claim the Magistrate Judge never suggested is moot.

fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To satisfy the "cause" standard, Stern must show that "some objective factor external to the defense" impeded his compliance with Mississippi's procedural rules. *McClesky v. Zant*, 499 U.S. 467, 493 (1991). Stern has made no such showing. And the fundamental miscarriage of justice exception "is confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). Stern has neither alleged nor established a claim of actual innocence. *See Fairman*, 188 F.3d at 644 ("To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'") (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Because neither exception permitting federal habeas review of his procedurally barred claim applies, dismissal of Stern's petition is warranted.

　　　　IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court. Stern's claims are dismissed with prejudice.

　　　　A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

　　　　**SO ORDERED AND ADJUDGED** this the 25th day of July, 2012.

　　　　　　　　　　　　　　　　　　　　s/ *Daniel P. Jordan III*　　　　　　　　
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE